NO. 07-07-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 17, 2008

______________________________


RODDY PIPPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE




_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ORDER REINSTATING APPEAL
Â Â Â Â Â Â Â Â Â Â Appellant, Roddy Pippin, filed a notice of appeal challenging his conviction for theft
of livestock. By opinion dated January 3, 2008, this Court dismissed Appellantâs appeal
because the notice of appeal was untimely filed. On January 14, 2008, Appellant filed a
Motion to Reinstate Appeal with an exhibit establishing that the notice of appeal was timely
mailed. See Tex. R. App. P. 9.2(b)(1). After further consideration, we grant Appellantâs
Motion to Reinstate Appeal, withdraw our opinion and judgment dated January 3, 2008,
and issue the following order expressing our rationale for reinstating the appeal.
Â Â Â Â Â Â Â Â Â Â Appellantâs sentence was imposed on November 8, 2007. No motion for new trial
was filed. Thus, the thirty day deadline in which to file the notice of appeal was December
8, 2007. Tex. R. App. P. 26.2(a)(1). Because that day fell on a Saturday, the deadline was
extended to Monday, December 10, 2007. See Tex. R. App. P. 4.1(a). Additionally, Rule
26.3 provides a fifteen-day extension in which to file a notice of appeal if a motion for
extension of time complying with Rule 10.5(b) is filed in this Court.
Â Â Â Â Â Â Â Â Â Â The notice of appeal contained in the clerkâs record bears a file stamp date of
December 12, 2007. However, because a timely motion for extension of time was not filed
in this Court within the fifteen-day window, this Court dismissed the appeal under the
authority of Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996), and Slaton v. State,
981 S.W.2d 208, 209-10 (Tex.Crim.App. 1998). 
Â Â Â Â Â Â Â Â Â Â By his Motion to Reinstate, Appellant explains that he complied with the appellate
mailbox rule (Tex. R. App. P. 9.2(b)). He also provides a copy of the express mail receipt
reflecting that he mailed his notice of appeal on the deadline date of December 10, 2007,
doing away with the necessity of a motion for extension of time. 
Â Â Â Â Â Â Â Â Â Â Having now received documentation that Appellantâs notice of appeal was timely,
the appeal is reinstated. The reporterâs record is due on February 7, 2008. Appellantâs
brief is due thirty days after the reporterâs record is filed, and the Stateâs brief will be due
thirty days after Appellantâs brief is filed.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



 factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). The Court of Criminal Appeals has
recently declared that, when reviewing the evidence for factual sufficiency, the reviewing
court should measure the evidence in a neutral manner against a "hypothetically correct jury
charge." Vega v. State, 267 S.W.3d 912, 915 (Tex.Crim.App. 2008) (citing Wooley v. State,
273 S.W.3d 260, 268 (Tex.Crim.App. 2008)). 

Legal Sufficiency

 To prove that appellant was guilty of aggravated sexual assault of DS, the State was
required to prove that: 1) appellant, 2) on or about the 20th day of December, 2005, 3)
intentionally or knowingly, 4) caused the penetration of the female sexual organ, 5) of DS,
6) a child, then younger than 14 years. To meet this burden of proof, the State offered the
testimony of DS, who testified about the assault, when the assault took place, and her age
at the time. DS both described the assault and then identified the body parts that she was
referring to. The State also produced the testimony of the SANE nurse, Fanelli, who, in
addition to reciting what DS told her as she took the history, provided detailed testimony
regarding the examination of DS's genital area. During this examination, Fanelli found
chronic trauma to DS's vaginal area. In fact, Fanelli opined that this was indicative of
chronic vaginal penetration, more like you would expect to find in the case of a sexually
active adult. Amanda Spiller testified as to what DS had told her initially. This testimony 
was consistent with the facts that DS testified to before the jury. Thus, when we view this
evidence in the light most favorable to the jury's verdict, as required in a legal sufficiency
review, we cannot say that the jury was acting irrationally when it found appellant guilty
beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Ross, 133 S.W.3d at 620. 
Therefore, we overrule appellant's issue regarding the legal sufficiency of the evidence.

Factual Sufficiency

 When we conduct a factual sufficiency review, we are again to analyze the evidence
against a "hypothetically correct" charge. Vega, 267 S.W.3d at 915. However, this time
we view the evidence in a neutral manner, without the prism of "in the light most favorable
to the verdict," to determine if the jury acted rationally in finding appellant guilty beyond a
reasonable doubt. Watson, 204 S.W.3d at 415. 

 What the record reflects is that DS had been sexually assaulted by someone on
more than one occasion. There is nothing in the record to dispute the findings of the SANE
examination. Next, the record reflects that DS has consistently named appellant as the
perpetrator of the offense, both in her testimony before the jury, report to the SANE nurse,
and outcry to her aunt. Appellant contends that the lack of DNA evidence and his testimony
regarding previous reports of unfounded allegations of sexual impropriety alleged against
him by DS's grandmother casts doubt on the jury's verdict. Sims, 99 S.W.3d at 603. 
However, to accept appellant's position, we have to completely supplant the jury's resolution
of the issue of evaluation of credibility based upon observations of the witnesses'
demeanor. Rather than supplant the jury on that issue, we are instructed to defer to that
jury's determination of credibility. See Laster v. State, 275 S.W.3d 512, 518 (Tex.Crim.App.
2009). Because we view appellant's contention regarding the factual sufficiency of the
evidence to go only to an issue of credibility, we cannot say that the jury acted irrationally
when it found appellant guilty beyond a reasonable doubt. Therefore, we overrule
appellant's issue regarding the factual sufficiency of the evidence.

Prior Consistent Statement


 Appellant next contends, through two issues, that the trial court committed error by
overruling his objection to the testimony of Amanda Spiller regarding prior consistent
statements made by DS and that the trial court committed reversible error in allowing the
same testimony to be admitted. The essence of appellant's complaint deals with the
admission of evidence during trial and is, thus, governed by an abuse of discretion
standard. See Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000); Green v.
State, 934 S.W.2d 92, 101-02 (Tex.Crim.App. 1996). A reviewing court applying the abuse
of discretion standard should not reverse a trial judge's decision that is within the zone of
reasonable disagreement. Green, 934 S.W.2d at 102. If the trial judge's decision is correct
on any theory of law applicable to the case, the decision will be sustained. See State v.
Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

 The testimony at issue was that of Amanda Spiller. Spiller was asked and allowed
to answer about what DS had relayed to her on the night when DS first made an outcry. 
Appellant objected that the testimony was hearsay. The State countered that the testimony
was admissible pursuant to rule 801(e)(1)(B). See Rule 801(e)(1)(B). (4) To be admissible
as non-hearsay, substantive evidence pursuant to rule 801(e)(1)(B), the statement must
meet four requirements:

(1) the declarant must testify at trial and be subject to cross-examination;

(2) there must be an express or implied charge of recent fabrication or
improper influence or motive of the declarant's testimony by the opponent;

 (3) the proponent must offer a prior statement that is consistent with the
declarant's challenged in-court testimony; and,

(4) the prior consistent statement must be made prior to the time that the
supposed motive to falsify arose.


Hammons v. State, 239 S.W.3d 798, 805 (Tex.Crim.App. 2007). Appellant has not
challenged any of the requirements quoted above, except that of the implied charge of
recent fabrication or improper influence or motive of the declarant's testimony by the
opponent. Appellant contends that a review of the record reveals that trial counsel never
alleged or implied that DS had fabricated the story or was influenced to fabricate a story. 

 The record reflects that, during voir dire, trial counsel asked the jury panel, "Again,
a show of hands, how many people here believe that children lie?" Trial counsel then
continued that line with the following, "And we discussed - you discussed that earlier with
the prosecutors, a number of reasons why they lie. To get out of trouble, win someone's
favor, suggestibility, someone put them up to it." Again, later in voir dire, trial counsel
made the following statement, "And then the only other thing I want to say is, you know,
we're talking about false accusations and kids make false accusations and how prevalent
it is." Later, trial counsel stated during voir dire, "So is everyone here familiar with and
aware that false accusations are made - let me ask you, you're aware that false
accusations are made pretty much all the time." During the State's case-in-chief, while
discussing the cross-examination of DS, trial counsel made the following statement to the
court:

 Your Honor, we'd ask for an in-camera hearing to develop what line of
questioning we'd like to take with respect to - well, two reasons. One is to
refute the - or to rebut the scientific evidence and the medical evidence, and
I guess if we need to re-call her after the nurse we can do it then. And also
for credibility and motive that- well, a couple- that and to show she's made
other accusations against other people . . . .


Later, before beginning cross-examination of DS, an issue regarding the line of questioning
appellant was proposing to put to DS was raised by the State. While explaining the
reasons he should be allowed to ask DS about other allegations she might have made, trial
counsel stated, "Our line of questioning is, you know, if she's going to accuse everybody-
you know, every male relative, cousins and uncles and another uncle, and I think we're
allowed to bring that up and let the jury sort through that . . . ." 

 Subsequently, Amanda Spiller was called as a witness. Spiller was asked about
what DS had told her and appellant objected. The trial court ruled that the testimony was
admissible as a prior consistent statement because "I think there has been an inference
made by the Defense that the victim was - fabricated the story and I'll allow it under that
exception." Trial counsel picked up the thread of fabrication, during the cross-examination
of Detective Fisher, when he asked if appellant had told Fisher about previous allegations
of some sort of sexual impropriety being made against appellant by DS's grandmother,
Mary Johnson. After the State objected to the line of questioning on the basis of
relevance, appellant's trial counsel stated,

 And, two, to show that there may be a motive for bias of why this girl's, you
know, making these accusations. Not whether it's true or not, but if he's
been accused before falsely and it's the grandmother who did it, I think that's
relevant to show that, you know, it's still the grandmother that's behind this.


 Finally, appellant testified that he had been accused previously by the grandmother
of DS, Mary Johnson, and, by implication, Johnson had put DS up to accusing appellant
on this occasion. That appellant had previously been accused by Johnson was a subject
that trial counsel argued forcefully in final arguments. 

 A reviewing court judges the propriety of admitting evidence under an abuse of
discretion standard. Weatherred, 15 S.W.3d at 542. Further, in trying to determine
whether the prior consistent statement was admissible, we must determine whether
appellant opened the door to this evidence by the content, tone, and tenor of defense's
cross-examination. Hammons, 239 S.W.3d at 808. Hammons goes on to state that the
cross-examination, "either does or does not 'open the door' to the admissibility of a prior
consistent statement by an express or implied suggestion that the witness is fabricating her
testimony in some relevant respect." Id. Finally, when making this type of determination
regarding the admissibility of a prior consistent statement, we are instructed that, "Courts
may also consider clues from the voir dire, opening statements, and closing arguments." 
Id.

 When the entire record is reviewed, especially voir dire and the cross-examination
of DS and Detective Fisher, the defensive theory of fabrication or motivation for lying is
apparent. Thus, we cannot say that the trial court abused its discretion in admitting the
prior consistent statement before the jury. Weatherred, 15 S.W.3d at 542. Appellant's
issues regarding the admission of the prior consistent statement are overruled.

Conclusion


 Having overruled appellant's issues, the judgment of the trial court is affirmed.

 Mackey K. Hancock

 Justice


Do not publish. 

 
1. See Tex. Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2007).
2. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
3. Further reference to Texas Rules of Evidence will be by reference to "rule ___" or
"Rule ___." 
4. Rule 801(e)(1)(B) provides,


(e) Statements Which Are Not Hearsay. A statement is not hearsay if:


(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject
to cross-examination concerning the statement, and the statement is:

 

(B) consistent with the declarant's testimony and is offered to rebut an
express or implied charge against the declarant of recent fabrication or
improper influence or motive;